Carolyn H. Cottrell (SBN 166977)
ccottrell@schneiderwallace.com
Kyle G. Bates (SBN 299114)
kbates@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

***Attorneys for Plaintiffs, and the
Putative Collective and Class
(Additional Counsel on Signature Page)***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL GONZALEZ, and ALEXANDER RIESKE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO, <br><br> Defendant. | Case No. 2:20-cv-11722 <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Saul Gonzalez and Alexander Rieske, on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their attorneys, bring this lawsuit against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); applicable California Labor Code provisions; applicable Industrial Welfare Commission ("IWC") Wage Orders; the Unfair Business Practices Act; California Business and Professions Code §§ 17200, *et seq.* ("UCL"); and applicable New York Labor Law provisions. Plaintiffs complain and allege as follows:

## INTRODUCTION

1.     This is a collective and class action complaint against GEICO to challenge its policies and practices of: (1) failing to pay non-exempt, hourly employees who work as Auto Claim Adjusters for all hours worked; (2) failing to pay required minimum wage; (3) failing to pay required overtime wages; (4) failing to authorize, permit, and/or make meal and rest periods available, and failing to pay premium pay for these missed breaks; (5) failing to provide accurate, itemized wage statements; and (6) failing to pay all wages after termination of employment.

2.     Plaintiff Alexander Rieske is a current non-exempt, hourly employee who works as Auto Claim Adjusters for GEICO in Woodbury, New York. Plaintiff Saul Gonzalez is a former non-exempt, hourly employee who worked as an Auto Claim Adjuster for GEICO in Baldwin Park, California.  In this role, Plaintiffs investigate insurance claims to ascertain the extent of any liability on behalf of Defendant, who furnishes car insurance. Plaintiffs seek to represent other current and former non-exempt, hourly employees of Defendant who work as Auto Claim Adjusters in California, New York, and elsewhere in the United States. Plaintiffs allege Defendant has engaged in unlawful patterns and practices of failing to meet

the requirements of the FLSA, the California Labor Code, the California Business and Professions Code, and the New York Labor Law.

3. Plaintiffs and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. Plaintiffs and putative Collective and Class Members must complete a certain number of inspections per day (their "quota"), and pressure from GEICO to meet these quotas within the allotted 7.5 paid hours per day often causes the Auto Claim Adjusters to start working while off-the-clock before they are scheduled to begin the workday and after they are scheduled to end their shift.  Failure to meet the quota within 7.5 hours in a day results in negative implications for the performance metrics of Plaintiffs and putative Collective and Class Members, including compensation ramifications and/or disciplinary action.

4. Because of these issues, Defendant does not pay Plaintiffs and putative Collective and Class Members for all hours worked, including minimum wage and overtime. Ultimately, the daily time that Defendant requires Plaintiffs and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal law and the laws of the states of California and New York.

5. To the extent that Plaintiffs and putative Collective and Class Members regularly work in excess of eight hours per day and forty hours per week, this off-the-clock work should be compensated at overtime rates. However, Defendant fails to pay Plaintiffs and the putative Collective and Class Members for any of this work performed, including the required overtime premiums, in violation of the FLSA, the California Labor Code, and the New York Labor Law.

6. Plaintiffs and other putative Collective and Class Members regularly work in excess of eight hours per days and are routinely denied timely and compliant meal and rest periods, and the requisite pay for working through such breaks.

7.     As a result of Defendant's pressure for Auto Claim Adjusters to meet the requisite daily quota within the allotted 7.5 hours of paid time per day, Defendant routinely refuses to authorize, permit, and/or make available full, timely, uninterrupted thirty-minute meal periods as required by law. Instead, Plaintiffs and putative Collective and Class Members regularly work past the fifth hour of work without the opportunity to take a meal break. Even when they do receive some form of timely meal break, it is often interrupted as Plaintiffs and putative Collective and Class Members are encouraged and often required to perform work during their break.

8.     Defendant likewise routinely refuses to authorize or permit Plaintiffs and putative Collective and Class Members to take ten-minute rest periods as required by California law.

9.     As a result of the above violations, Defendant fails to provide Plaintiffs and putative Collective and Class Members with accurate, itemized wage statements.

10.    Defendant is also liable for violation of the Unfair Business Practices Act for the violations described above.

11.    Plaintiffs seek full compensation on behalf of themselves and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay.  Plaintiffs also seek declaratory and injunctive relief, including restitution.   Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, and New York Labor Law.

## PARTIES

12.    Plaintiff Saul Gonzalez worked for GEICO as an Auto Claim Adjuster in Baldwin Park, California. Plaintiff was employed by GEICO as an Auto Claim Adjuster from June 2018 until December 2019.

///

13.     Plaintiff Alexander Rieske works for GEICO as an Auto Claim Adjuster in Woodbury, New York. Plaintiff has been employed by GEICO as an Auto Claim Adjuster since October 2013.

14.     Plaintiffs' duties as Auto Claim Adjusters include inspecting vehicles for collision and comprehensive damages; customer service via the phone or in-person engagement; submitting claims on behalf individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of GEICO for insurance payouts.

15.     Plaintiffs reside in the State of California and the State of New York, and are over eighteen years of age. Plaintiffs are residents of the States of California and New York, respectively, at all relevant times described herein.

16.     Defendant GEICO is a Maryland corporation. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc., and its headquarters are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815. Defendant does business throughout the United States and maintains 18 regional offices which include offices in San Diego, California; Buffalo and Woodbury, New York; Dallas and Houston, Texas; and Fredericksburg, Virginia Beach, and Springfield, Virginia, in addition to its headquarters in Chevy Chase, Maryland.

17.     At all relevant times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed Putative Class Members in this judicial district.  Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Defendant is also an "employer" as that term is used in the California Labor Code, the New York Labor Law, the FLSA, and the IWC Wage Orders.

///

///

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

## JURISDICTION AND VENUE

18.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California and New York state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

19.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Central District of California judicial district.

## FACTUAL ALLEGATIONS

20.    Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including California.

21.    Plaintiffs are current or former non-exempt, hourly employees, who work, or have worked, as Auto Claim Adjusters. Plaintiffs' duties include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to access vehicle damage.

22.    Similar to Plaintiffs, the putative Collective and Class Members are current and former non-exempt, hourly employees who work, or have worked, for Defendant. As GEICO Auto Claim Adjusters, putative Collective and Class Members are expected to meet the required quota of ten claims per day and as many as thirty customer calls a day. Plaintiffs are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for

1   Plaintiffs and the putative Collective and Class Members, regardless of location in

2   California, New York, and the United States.

3       23.    While working for Defendant, Plaintiffs are scheduled to work seven and

4   a half hours per day, five days a week, for a total of approximately 37.5 hours per

5   week. Plaintiffs in fact worked these scheduled hours. However, Plaintiffs are

6   regularly required by management to work additional hours beyond this scheduled

7   time while off-the-clock and while not receiving compensation. On some days

8   Plaintiffs work eight and a half to ten hours per day. For numerous workweeks during

9   their employment by GEICO, Plaintiffs worked off-the-clock and without

10  compensation during overtime hours (more than 8 hours a day in California and more

11  than 40 hours per week in all other states).

12      24.    Additionally, Plaintiffs are allocated a 30 to 45-minute meal break to be

13  taken at no specific time during a shift.  But, due to Defendant's workload and quota,

14  Plaintiffs are often unable to take such breaks.  To account for the time lost from

15  calling customer and meeting quotas, Plaintiffs are encouraged and often required to

16  bring their cell phones to meal breaks as to continue customer calls. Plaintiffs do not

17  receive uninterrupted meal breaks and are under Defendant's control throughout their

18  entire shift.

19      25.    Plaintiffs and putative Collective and Class Members are graded based

20  on how quickly and how often they answer their phones, and how quickly they

21  respond to work-related e-mail.  These grades affect when and whether they are

22  considered for promotion, including pay increases.

23      26.    Plaintiffs and putative Collective and Class Members perform work tasks

24  before the beginning and after the end of their paid shifts. These work tasks include

25  adjusting vehicles, printing and completing paperwork, and discussing claims with

26  other GEICO employees or affiliates (including those who work in body shops

27  servicing vehicles).   Plaintiffs and putative Collective and Class Members are

28

disincentivized to report this unrecorded time for fear that it would negatively impact their evaluations.

27.     This results in GEICO's non-exempt, hourly employees performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendant.

28.     In some instances, Plaintiffs and putative Collective and Class Members begin the workday one hour prior to the start of their paid shifts to perform work activities which include handling claims, calling customers, and driving to autobody shops and customers' homes to evaluate damaged vehicles and submit claims. Under Defendant's company-wide practice, Defendant requires Plaintiffs and putative Collective and Class Members to login to Defendant's online system to submit claims and other documentation in real time. Plaintiffs and putative Collective and Class Members are not allowed to login to the online system for the day until the time of their scheduled shift even if they began working an hour sooner. This time is unpaid.

29.     Defendant requires its non-exempt, hourly employees to perform additional off-the-clock work. Defendant requires non-exempt, hourly employees to make calls during meal breaks and rest breaks. Defendant's current quota is ten claims a day per Auto Claim Adjuster. If an employee does not meet the required quota, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities. In addition to quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls; thus, Plaintiffs and putative Collective and Class Members are encouraged and often required to bring their cell phones to their meal and rest breaks as a means of keeping the call answer rate high. Plaintiffs and putative Collective and Class Members routinely spend 30 to 45 minutes per day on such calls, outside of their scheduled shifts and during meal breaks.

30.     Plaintiffs and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged onto Defendant's online system and are tracked in real time. Plaintiffs and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

31.     Defendant also requires Plaintiffs and putative Collective and Class Members to work off-the-clock to attend meetings, again outside of their scheduled shifts and without pay.

32.     Plaintiffs and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Some Plaintiffs and putative Collective and Class Members drive in upwards of eight hours to make it to the required conference. This travel time as well as the time spent at the conference is unpaid.

33.     All of this time that Defendant requires Plaintiffs and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal, California, and New York law. Depending upon how many hours Plaintiffs and putative Collective and Class Members work in a day, this unpaid time is owed to them at both straight-time and overtime rates.

34.     Moreover, Defendant routinely denies timely and compliant off-duty meal periods and routinely refuses to authorize or permit Plaintiffs and putative Class and Collective Members to take compliant rest periods.  Plaintiffs and similarly situated non-exempt, hourly Auto Claim Adjusters typically work eight hour days, yet are routinely denied meal and rest periods for two primary reasons: (1) Defendant does not authorize, permit, and/or make available timely meal and rest breaks for Plaintiffs and putative Collective and Class Members; and (2) Defendant knows or

has reason to know that Plaintiffs and putative Collective and Class Members are too busy with work during the day to have time to take bona fide meal and rest breaks. Specifically, Plaintiffs and putative Collective and Class Members are often too busy or not able to take meal and rest periods because they are encouraged and pressured to meet quotas and keep the call answer rate high.

35.     As a result, Plaintiffs and putative Collective and Class Members regularly work past the fifth hour of work and past the midway point of their shift without the opportunity to take a meal break. On information and belief, Defendant and its managers routinely manipulate the timecards of these workers to make it appear that they took a timely meal break, in order to avoid required premium payments.

36.     Plaintiff Gonzalez was explicitly told during ride-alongs with his supervisor to mis-report when his meal break was taken.  This happened several times during his employment.

37.     With limited exception, Plaintiffs and putative Collective and Class Members submit time sheets for 37.5 hours worked for every work week regardless of actual time spent working.

38.     Even when they do receive some form of meal break, it is often interrupted and Plaintiffs and putative Collective and Class Members are required to perform work during the break. As a result of these issues, Plaintiffs and putative Collective and Class Members spend time performing work for GEICO even though they are off-the-clock or on a meal break in Defendant's timekeeping records.

39.     Plaintiffs and putative Collective and Class Members are routinely denied full, timely, uninterrupted meal periods and rest periods. Defendant denies compliant meal periods to these workers on most workdays and virtually never provides compliant rest periods.

///

40.    When Plaintiffs and putative Collective and Class Members experience untimely or interrupted meal and rest breaks, or do not receive these breaks at all, Defendant fails to pay them the required premium pay.

41.    Defendant does not provide Plaintiffs and putative Collective and Class Members with accurate wage statements as required by California and New York law. These workers receive wage statements that do not reflect all hours worked, premium pay for missed meal and rest breaks, and applicable overtime premiums.

42.    Defendant does not provide Plaintiffs and putative Collective and Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, overtime, and missed meal and rest breaks when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time penalties under the California Labor Code.

43.    Plaintiffs is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class members and throughout Defendant's operations in California, New York,  and the United States.

44.    Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiffs and putative Collective and Class members in an amount to be determined at trial.  Defendant did not take requisite steps to ensure that Plaintiffs and putative Collective and Class members were paid for all time worked.  Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiffs and putative Collective and Class members did not perform work without compensation during any breaks.

///

///

///

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45.    Plaintiffs brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt, hourly employees of Defendant working as Auto Claim Adjusters throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective").

46.    Plaintiffs Saul Gonzalez and Alexander Rieske individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

47.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

48.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

49.    Plaintiffs are representative of the members of the Collective and are acting on behalf of their interests as well as their own interests in bringing this action.

50.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiffs have retained counsel competent and

1   experienced in employment and wage and hour class action and collective action

2   litigation.

3       51.     The similarly situated members of the Collective are known to

4   Defendant, are readily identifiable, and may be located through Defendant's records.

5   These similarly situated employees may readily be notified of this action and allowed

6   to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

7   adjudicating their claims for unpaid wages, unpaid overtime compensation,

8   liquidated damages (or, alternatively, interest), and attorneys' fees and costs under

9   the FLSA.

10      52.     Plaintiffs contemplate providing a notice or notices to the Collective, as

11  approved by the Court, to be delivered via United States Mail. The notice or notices

12  shall, among other things, advise each of the recipients that they shall be entitled to

13  "opt in" to the FLSA Action if they so request by the date specified within the notice,

14  and that any judgment on the FLSA Action, whether favorable or not, entered in this

15  case will bind all FLSA collective members who timely request inclusion in the class.

16  ## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

17      53.     Plaintiff Saul Gonzalez brings the Second through Eighth Counts (the

18  California Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil

19  Procedure 23.  The California Class is initially defined as:

20          All current and former non-exempt hourly employees of
            Defendant working as Auto Claim Adjusters throughout the
21          State of California during the time period from four years
            prior to the filing of the complaint until resolution of this
22          action. (the "California Class").

23      54.     **Numerosity**:  Defendant has employed potentially thousands of non-

24  exempt, hourly Auto Claim Adjusters during the applicable statutory period. The

25  number of California Class members are therefore far too numerous to be individually

26  joined in this lawsuit.

27  ///

28

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

55.   **Existence and Predominance of Common Questions**:   There are questions of law and fact common to Plaintiff Gonzalez and the California Class members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

a.   Whether Defendant fails to authorize and permit, make available, and/or provide California Class members meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

b.   Whether Defendant fails to authorize and permit, make available, and/or provide California Class members meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

c.   Whether Defendant fails to authorize and permit, make available, and/or provide California Class members rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

d.   Whether Defendant fails to authorize and permit, make available, and/or provide California Class Members rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

e.   Whether Defendant fails to compensate California Class members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Orders;

f.   Whether Defendant fails to compensate California Class members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq.*;

g.   Whether Defendant has a policy and/or practice of requiring California Class members to perform work off-the-clock and without compensation;

h.  Whether Defendant fails to provide California Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

i.  Whether Defendant fails to pay California Class members all wages due upon the end of their employment in violation of the Labor Code and Wage Orders;

j.  Whether Defendant's failure to pay California Class members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq.*;

k.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiff Gonzalez and the California Class members as alleged herein.

56.  **Typicality**:  Plaintiff Gonzalez's claims are typical of the claims of the California Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff Gonzalez and the California Class members to sustain the same or similar injuries and damages. Plaintiff Gonzalez's claims are thereby representative of and co-extensive with the claims of the California Class.

57.  **Adequacy**:  Plaintiff Gonzalez will fairly and adequately represent and protect the interests of the California Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff Gonzalez has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously.  Plaintiffs and his Counsel will fairly and adequately protect the interests of the Class.

///

58. **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all California Class members is not practicable, and questions of law and fact common to Plaintiffs and putative Class Members predominate over any questions affecting only individual members of the Class.  The injury suffered by each California Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

59. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

60. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

61. Plaintiff Gonzalez knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

62. Plaintiff Gonzalez intends to send notice to all California Class members to the extent required under applicable class action procedures. Plaintiffs contemplates providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United State Mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified

1  within the notice, and that any judgment on the California Action, whether favorable
2  or not, entered in this case will bind all California Class members except those who
3  affirmatively exclude themselves by timely opting out.

4      63.     Plaintiff Alexander Rieske brings the Ninth through Eleventh Counts
5  (the New York Class Claims) as a class action on behalf of himself and all others
6  similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The
7  New York Class that Plaintiff seeks to represent is defined as:

8          All current and former non-exempt hourly employees of
           Defendant working as Auto Claim Adjusters throughout the
9          State of New York during the time period from six years
           prior to the filing of the complaint until resolution of this
10         action. (the "New York Class").

11     64.   **Numerosity**:  Defendant has employed potentially thousands of non-
12  exempt, hourly Auto Claim Adjusters during the applicable statutory period. The
13  number of New York Class members are therefore far too numerous to be
14  individually joined in this lawsuit.  As such, a class action is a reasonable and
15  practical means of resolving these claims.

16     65.   **Existence and Predominance of Common Questions**:   There are
17  questions of law and fact common to Plaintiff and the New York Class members that
18  predominate over any questions affecting only individual members of the Class.
19  These common questions of law and fact include, without limitation:

20          a.  Whether Defendant directed, required, requested, and/or permitted
21              Plaintiff and New York Class members to work during unpaid meal
22              periods;
23          b.  Whether Defendant knew or should have known that Plaintiff and
24              New York Class members were not compensated for work performed
25              during unpaid meal periods;

26  ///
27  ///
28

c.  Whether Defendant directed, required, requested, and/or permitted Plaintiff and New York Class members to work in excess of 40 hours in a work week;

d.  Whether Defendant knew or should have known that Plaintiff and New York Class members were not compensated for work performed in excess of 40 hours in a work week;

e.  Whether Defendant has a policy and/or practice of requiring New York Class members to perform work off-the-clock and without compensation;

f.  Whether Defendant fails to provide New York Class members with timely, accurate itemized wage statements in violation of the New York Labor Law; and

g.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiff Rieske and the New York Class members as alleged herein.

66.  **Typicality**:  Plaintiff Rieske's claims are typical of the claims of the Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the New York Class members to sustain the same or similar injuries and damages. Plaintiff Rieske's claims are thereby representative of and co-extensive with the claims of the Class.

67.  **Adequacy**:  Plaintiff Rieske will fairly and adequately represent and protect the interests of the Class because Plaintiff's interests do not conflict with the interests of the members of the New York Class he seeks to represent.  Plaintiff Rieske has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff Rieske and his Counsel will fairly and adequately protect the interests of the Class.

68.   **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all New York Class members is not practicable, and questions of law and fact common to Plaintiff Rieske and New York Class members predominate over any questions affecting only individual members of the Class.  The injury suffered by each New York Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

69.   In the alternative, the New York Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the New York Class, and, in turn, would establish incompatible standards of conduct for Defendant.

70.   Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

71.   Plaintiff Rieske knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**(By Plaintiffs and the Collective)**

72.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

73.   The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the

regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

74.    At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

75.    Defendant is a covered employer required to comply with the FLSA's mandates.

76.    Defendant has violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective.  29 U.S.C. § 211(c).

77.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy of not paying for hours worked prior to the start of a shift and after the shift ends. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly Auto Claim Adjusters of Defendant, working in offices throughout the United States.

78.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

79.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated

1   damages in an amount equal to the amount of unpaid overtime pay and/or

2   prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

3        80.   As a result of the aforesaid violations of the FLSA's provisions, pay,

4   including straight time and overtime compensation, has been unlawfully withheld by

5   Defendant from Plaintiffs and the Collective.  Accordingly, Defendant is liable for

6   unpaid wages, together with an amount equal as liquidated damages, attorneys' fees,

7   and costs of this action.

8        81.   Wherefore, Plaintiffs and the Collective request relief as hereinafter

9   provided.

10                    **SECOND CAUSE OF ACTION**
                **Failure to Compensate for All Hours Worked**
11            **(By Plaintiff Gonzalez and the California Class)**

12       82.   Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs

13   as though fully set forth herein.

14       83.   Plaintiff Gonzalez alleges that Defendant willfully engaged and

15   continues to engage in a policy and practice of not compensating Plaintiff Gonzalez

16   and California Class members for all hours worked or spent in Defendant's control.

17   Detailed above, Defendant required, suffered, and/or permitted Plaintiff Gonzalez

18   and the California Class to perform work for the benefit of Defendant without

19   compensation, with Defendant's knowledge.

20       84.   California Labor Code § 200 defines wages as "all amounts for labor

21   performed by employees of every description, whether the amount is fixed or

22   ascertained by the standard of time, task, piece, commission basis or other method of

23   calculation."

24       85.   California Labor Code § 204(a) provides that "[a]ll wages … earned by

25   any person in any employment are due and payable twice during each calendar

26   month…."

27   ///

28

86.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

87.     IWC Wage Orders 7-2001(2)(G) and 4-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so…."

88.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiffs and putative Class Members with compensation for all time worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff Gonzalez and California Class members' rights. Plaintiff Gonzalez and California Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

89.     As a proximate result of the aforementioned violations, Plaintiffs and the putative Class have been damaged in an amount according to proof at time of trial.

90.     Wherefore, Plaintiff Gonzalez and the California Class requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage**
**(By Plaintiff Gonzalez and the California Class)**

91.     Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

92.     Defendants have maintained policies and procedures that force Plaintiff Gonzalez and California Class members to work off the clock, without compensation – let alone the minimum wage. Due to Defendant's systematic denial of payment for

1    all hours worked, Plaintiff Gonzalez and California Class members are routinely
2    compensated at a rate that is less than the statutory minimum wage.

3        93.    During the applicable statutory period, Labor Code §§ 1182.11, 1182.12,
4    and 1197, and the Minimum Wage Order were in full force and effect and required
5    that employees receive the minimum wage for all hours worked at the rate of eight
6    dollars ($8.00) per hour commencing January 1, 2008, at the rate of nine dollars
7    ($9.00) per hour commencing July 1, 2014, and at the rate of ten dollars ($10.00) per
8    hour commencing January 1, 2016 and ending December 31, 2016. For employers
9    with 26 or more employees, the minimum wage for all hours worked was ten dollars
10   and fifty cents ($10.50) per hour from January 1, 2017 to December 31, 2017,
11   inclusive; eleven dollars ($11.00) per hour from January 1, 2018 to December 31,
12   2018, inclusive; and twelve dollars ($12.00) per hour from January 1, 2019 to the
13   present.

14       94.    IWC Wage Orders 4-2001(2)(K) and 7-2001(2)(G) define hours worked
15   as "the time during which an employee is subject to the control of an employer, and
16   includes all the time the employee is suffered or permitted to work, whether or not
17   required to do so."

18       95.    Labor Code § 1194(a) provides as follows:

19          Notwithstanding any agreement to work for a lesser wage,
            any employee receiving less than the legal minimum wage
20          or the legal overtime compensation applicable to the
            employee is entitled to recover in a civil action the unpaid
21          balance of the full amount of this minimum wage or
            overtime compensation, including interest thereon,
22          reasonable attorneys' fees, and costs of suit.

23       96.    Labor Code § 1194.2 provides that, in any action under § 1194 to recover
24   wages because of the payment of a wage less than minimum wage fixed by an order
25   of the Commission, an employee shall be entitled to recover liquidated damages in
26   an amount equal to the wages unlawfully unpaid and interest thereon.

27   ///

28
                                          22
                 COLLECTIVE AND CLASS ACTION COMPLAINT
                     AND DEMAND FOR JURY TRIAL
              *Gonzalez, et al. v. Government Employees Insurance Company Inc.*

97.    Plaintiff Gonzalez and the California Class members are not paid the statutory minimum wage for any work performed prior to the start of the shift/before logging in and any work performed after their scheduled shift ends even though they are under Defendant's control and cannot effectively use the time to their own benefit. This time is compensable as a matter of law.

98.    Defendant's unlawful compensation scheme has denied Plaintiff Gonzalez and the California Class the minimum wages to which they are entitled under the law. As explained above, Plaintiff and members of the California Class routinely have been subject to the Defendant's control without pay and performed work for which they are not compensated even at the statutory minimum wage.

99.    As a direct and proximate result of Defendant's unlawful acts and/or omissions, Plaintiff Gonzalez and the California Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

100.    Wherefore, Plaintiff Gonzalez and the California Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(By Plaintiff Gonzalez and the California Class)**

101.    Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

102.    Defendant does not properly compensate Plaintiff Gonzalez and California Class members with appropriate overtime premiums, including time-and-a half premiums based on their regular rate of pay, as required by California law.

103.    California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in
> excess of eight hours in one workday and any work in excess
> of 40 hours in any one workweek and the first eight hours
> worked on the seventh day of work in any one workweek

---

23
COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

104.   California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

105.   California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."   All such wages are subject to California's overtime requirements, including those set forth above.

106.   Defendant's policies and practices of requiring Plaintiff Gonzalez and California Class members to perform work off-the-clock before and after their paid shifts are unlawful.  Even absent this off-the-clock work, many of Defendant's hourly, non-exempt employees who work as Auto Claim Adjusters, including Plaintiffs and California Class members, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiff Gonzalez and California Class members to perform off-the-clock work before the beginning of their paid shifts, while clocked out on meal breaks, and at other times Plaintiff Gonzalez and California Class members have worked overtime hours for Defendant without being paid overtime

premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

107.   Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff Gonzalez and California Class members for all premium wages for overtime work.  Defendant is liable to Plaintiff Gonzalez and California Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff Gonzalez and California Class members are entitled to an award of attorneys' fees and costs as set forth below.

108.   As a proximate result of the aforementioned violations, Plaintiff Gonzalez and California Class members have been damaged in an amount according to proof at time of trial.

109.   Wherefore, Plaintiff Gonzalez and California Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods
### (By Plaintiff Gonzalez and the California Class)

110.   Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

111.   Defendant failed to make available and prevented full, timely, uninterrupted, compliant meal and rest breaks for Plaintiff Gonzalez and California Class members and required them to continue working during these breaks.

112.   Defendant also failed to Plaintiff Gonzalez and California Class members one hour of premium pay for missed breaks.

113.   California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendant to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from

employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

114.   Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted and/or not made available.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

115.   Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff Gonzalez and California Class members the ability to take the timely and compliant off-duty meal and rest periods to which they are entitled.

116.   Defendant has also failed to pay Plaintiff Gonzalez and California Class members one hour of pay for each timely, compliant, off-duty meal and/or rest period that they are denied.

117.   Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff Gonzalez and California Class members are entitled to

1   compensation for the failure to authorize and permit and/or make available meal and

2   rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

3       118.   As a proximate result of the aforementioned violations, Plaintiff

4   Gonzalez and California Class have been damaged in an amount according to proof

5   at time of trial.

6       119.   Wherefore, Plaintiff Gonzalez and the California Class request relief as

7   hereinafter provided.

8                   **SIX CAUSE OF ACTION**
    **Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
9            **(By Plaintiff Gonzalez and the California Class)**

10      120.   Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs

11   as though fully set forth herein.

12      121.   Some California Class members have left their employment with

13   Defendant during the statutory period, at which time Defendant owed them unpaid

14   wages.  These earned, but unpaid, wages derive from time spent working outside of

15   their scheduled and paid shifts, including opening the store and logging into computer

16   system, answering business calls completing paperwork and submissions in order to

17   obtain pay and reimbursements, working through meal periods, performing other

18   work-related activities, as well as unpaid overtime compensation.

19      122.   California Labor Code § 201 provides:

20          If an employer discharges an employee, the wages earned
            and unpaid at the time of discharge are due and payable
21          immediately.

22      123.   Labor Code § 202 provides:

23          If an employee not having a written contract for a definite
            period quits his or her employment, his or her wages shall
24          become due and payable not later than 72 hours thereafter,
            unless the employee has given 72 hours previous notice of
25          his or her intention to quit, in which case the employee is
            entitled to his or her wages at the time of quitting.
26

27   ///

28
    ─────────────────────────────────────────
                        27
            COLLECTIVE AND CLASS ACTION COMPLAINT
                AND DEMAND FOR JURY TRIAL
    *Gonzalez, et al. v. Government Employees Insurance Company Inc.*

124.   Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

125.   Defendant willfully refused, and continues to refuse, to provide Plaintiffs and the putative Class with pay for off-the-clock work, including but not limited to work performed while clocked out during meal periods, and with meal and rest period premium pay.  As alleged above, Defendant knew and continues to know that Plaintiff Gonzalez and California Class members perform off-the-clock work before and after their scheduled or paid shifts. Defendant is aware Plaintiff Gonzalez and California Class members miss or have interrupted meal and rest breaks as a result of Defendant's unlawful policies and practices, but Defendant nevertheless refuses to pay for work performed during meal breaks or to authorize premium pay for missed or interrupted meal and rest periods.

126.   Accordingly, Defendant willfully refused and continues to refuse to pay members of the California Class that left their employment with Defendant all the wages that were due and owing to them upon the end of their employment.  As a result of Defendant's actions, California Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

127.   Defendant's willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendant is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

128.   Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, Plaintiff

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

1  Gonzalez and California Class members are entitled to such penalties pursuant to

2  Labor Code § 203, plus interest.

3      129.   As a proximate result of the aforementioned violations, Defendant is

4  liable to Plaintiff Gonzalez and California Class members alleged herein for the

5  amounts described, with interest thereon, in an amount according to proof at time of

6  trial.

7      130.   Wherefore, Plaintiff Gonzalez and California Class members request

8  relief as hereinafter provided.

9               **SEVENTH CAUSE OF ACTION**
**Violations of Labor Code § 226 – Itemized Wage Statements**

10  **(By Plaintiff Gonzalez and the California Class)**

11      131.   Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs

12  as though fully set forth herein.

13      132.   Defendant does not provide Plaintiff Gonzalez and California Class

14  members with accurate itemized wage statements as required by California law.

15      133.   California Labor Code § 226(a) provides:

16          Every employer shall, semimonthly or at the time of each
payment of wages, furnish each of his or her employees,

17          either as a detachable part of the check, draft, or voucher
paying the employee's wages, or separately when wages are

18          paid by personal check or cash, an accurate itemized
statement in writing showing (1) gross wages earned, (2)

19          total hours worked by the employee, except for any
employee whose compensation is solely based on a salary

20          and who is exempt from payment of overtime under
subdivision (a) of Section 515 or any applicable order of the

21          Industrial Welfare Commission, (3) the number of piece-
rate units earned and any applicable piece rate if the

22          employee is paid on a piece-rate basis, (4) all deductions,
provided that all deductions made on written orders of the

23          employee may be aggregated and shown as one item, (5) net
wages earned, (6) the inclusive dates of the period for which

24          the employee is paid, (7) the name of the employee and his
or her social security number, (8) the name and address of

25          the legal entity that is the employer, and (9) all applicable
hourly rates in effect during the pay period and the

26          corresponding number of hours worked at each hourly rate
by the employee.  The deductions made from payments of

27          wages shall be recorded in ink or other indelible form,
properly dated, showing the month, day, and year, and a

28

1
2

copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

3       134.   The IWC Wage Orders also establish this requirement. (See IWC Wage
4   Orders 4-2001(7) and 7-2001(7)).

5       135.   Labor Code § 226(e) provides:

6
7
8
9
10

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

11      136.   Plaintiff Gonzalez and the California Class seeks to recover actual
12  damages, costs, and attorneys' fees under this section.

13      137.   Defendant fails to provide timely, accurate, itemized wage statements to
14  Plaintiff Gonzalez and California Class members in accordance with Labor Code §
15  226(a) and the IWC Wage Orders.  In particular, the wage statements the Defendant
16  provides its employees, including to Plaintiff Gonzalez and California Class
17  members, do not accurately reflect the actual hours worked, actual gross wages
18  earned, or actual net wages earned.  This is because, in part, Defendant does not count
19  as "hours worked" the off-the-clock time its hourly, non-exempt employees who
20  work as Auto Claim Adjusters spend performing certain work activities outside of
21  their scheduled paid shifts answering business calls on their mobile phone, logging
22  into the computer system, and other work-related activities.

23      138.   Defendant's failure to comply with Labor Code § 226(a) was and
24  continues to be knowing and intentional.  Although, as alleged herein, Defendant was
25  aware that Plaintiff Gonzalez and California Class members performed off-the-clock
26  work outside of their scheduled and paid shifts, Defendant systematically fails to
27  include this time worked in their wage statements.

28

139.   Plaintiff Gonzalez and California Class members have suffered injury as a result of Defendant's knowing and intentional failure to provide timely, accurate itemized wage statements to them in accordance with Labor Code § 226(a).  As a result of Defendant's violations, Plaintiffs and the putative Class are required to undertake the difficult and costly task of attempting to reconstruct Defendant's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

140.   As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiffs is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

141.   Wherefore, Plaintiff Gonzalez and the California Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200, *et seq.*
### (By Plaintiff Gonzalez and the California Class)

142.   Plaintiff Gonzalez re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

143.   The UCL, California Business and Professions Code §§ 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

144.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

145.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive

advantage at the expense of their workers by failing to comply with minimum labor standards.

146.   Beginning at an exact date unknown to Plaintiff Gonzalez and California Class members, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.  violations of Labor Code §§ 200, 204, 1194, and 1198 and applicable IWC Wage Orders pertaining to the payment of wages for all hours worked;

    b.  violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

    c.  violations of Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders pertaining to meal and rest breaks;

    d.  violations of Labor Code §§ 201-203 pertaining to waiting time; and

    e.  violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

147.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, et seq.

148.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, UCL. Among other things, the acts and practices have taken from Plaintiff Gonzalez and California Class members wages rightfully earned by them, while enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

///

149.   Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair and fraudulent business acts and practices alleged above.

150.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff Gonzalez and California Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

151.   Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.   Plaintiff Gonzalez and California Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

152.   Plaintiff Gonzalez's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sues on behalf of herself and others similarly situated.  Plaintiff Gonzalez and California Class members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

153.   Plaintiff Gonzalez herein take it upon herself to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

154.   Wherefore, Plaintiff Gonzalez and California Class members request relief as hereinafter provided.

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

**NINTH CAUSE OF ACTION**
**Violation of the New York Labor Law § 190, 650, 661(3) *et seq.* Failure to Pay Non-Overtime and Overtime Compensation**
**(Plaintiff Rieske and the New York Class)**

155.   Plaintiff Rieske incorporates all allegations contained in the foregoing paragraphs.

156.   The New York Labor Law requires each covered employer to compensate all non-exempt employees for all hours worked, including paying such employees at a rate of not less than one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

157.   This cause of action arises from Defendant's violation of New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (and any supporting regulations), for its failure to pay Plaintiff Rieske and New York Class members all of their non-overtime hours and overtime hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff Rieske and New York Class members are entitled to receive one-and-one-half times their regular rates of pay.

158.   Defendant violates New York Labor Law §§ 190 *et seq.* and 650 *et seq.* by failing to compensate Plaintiff Rieske and New York Class members for all hours worked, including overtime work performed in excess of 40 hours a week.

159.   Plaintiff Rieske and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages and overtime wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

160.   Defendant knew or should have known that Plaintiff Rieske and New York Class members worked unpaid time including overtime hours.

161.   Defendant did not keep accurate records of time worked in violation of the New York Labor Law.

162.   Defendant violated and continues to violate the New York Labor Law when it fails to pay Plaintiff and New York Class members for all hours worked

including all overtime hours worked, which is mandated by New York Labor Law § 659 and 12 NYCRR § 142-3. As a direct and proximate result of these violations, Plaintiff and New York Class members have suffered a loss of wages.

163.   Because Defendant cannot demonstrate a good faith basis as to its belief that its underpayment of wages was in compliance with the law, Plaintiff and New York Class members are also due an additional equal amount as liquidated damages pursuant to New York Labor Law § 663(1).

164.   Wherefore, Plaintiff Rieske and New York Class relief as hereinafter provided.

### TENTH CAUSE OF ACTION
**Violation of the New York Labor Law §§ 195 and 661**
**Failure to Keep Accurate Payroll Records**
**(Plaintiff Rieske and the New York Class Action)**

165.   Plaintiff Rieske incorporates all allegations contained in the foregoing paragraphs.

166.   The New York Labor Law requires each covered employer to maintain payroll records showing the actual hours worked by employees.

167.   Throughout the relevant time period, Defendant knowingly, intentionally, and willfully has failed to maintain payroll records showing the actual hours worked by Plaintiff and New York Class members.

168.   Plaintiff and New York Class Members are required to submit 37.5 hours a week regardless of actual hours worked each week.

169.   Plaintiff Rieske and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of accurate monitoring of the number of hours worked from which Defendant derived a direct and substantial benefit.

///

///

170.   Defendant violated and continues to violate the New York Labor Law when it fails to keep complete and accurate records of the number of hours its employees have worked.

171.   Wherefore, Plaintiff Rieske and New York Class relief as hereinafter provided.

**ELEVENTH CAUSE OF ACTION**
**VIOLATIONS OF NYLL §§ 195, 198, and 199**
**Failure to Provide Accurate Itemized Wage Statements**
**(New York Class Action)**

172.   Plaintiff Rieske incorporates all allegations contained in the foregoing paragraphs.

173.   With each payment of wages, Defendant fails to provide Plaintiff Rieske and New York Class members with an accurate statement listing each of the following categories of information as required by New York Labor Law § 195 and 12 N.Y.C.R.R. § 142-2.6, 2.7:

      a.  The dates of work covered by that payment of wages;

      b.  Name of employee;

      c.  Name of employer;

      d.  Address and phone number of employer;

      e.  Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week. Salary, piece, commission, or other;

      f.  Gross wages;

      g.  Deductions;

      h.  Allowances, if any, claimed as part of the minimum wage;

      i.  Net wages;

      j.  The regular hourly rate or rates of pay;

      k.  The overtime rate or rates of pay;

      l.  The number of regular hours worked; and

      m. The number of overtime hours worked.

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

174. Throughout the relevant time period, Defendant knowingly, intentionally, and willfully has failed to furnish accurate and complete wage statements showing the accurate amounts of gross wages, net wages, and number of regular hours and overtime hours worked.

175. As a result, per New York Labor Law § 198, Defendant is liable to Plaintiff Rieske and each New York Class member in the amount of $5,000, together with attorneys' fees and costs.

176. Plaintiff Rieske and New York Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of accurate and complete wage statements from which Defendant derived a direct and substantial benefit.

177. Defendant violated and continues to violate the New York Labor Law when it fails to furnish accurate and complete wage statements to its employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gonzalez and Rieske pray for relief as follows:

178. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, other laws of the State of California; New York Labor Law, and other laws of the State of New York.

179. For a declaratory judgment that Defendant has violated the FLSA, California Labor Code, the laws of the State of California, the laws of the State of New York, and public policy as alleged herein;

180. For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

///

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

181.  For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

182.  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

183.  For an order awarding Plaintiffs and the Collective and Class Members liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiffs and Members of the Collective and the Class, together with interest on these amounts, according to proof;

184.  For an order awarding Plaintiffs and the Class Members civil penalties pursuant to the California Labor Code provisions cited herein, with interest thereon;

185.  For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and New York Labor Law.

186.  For all costs of suit;

187.  For interest on any damages and/or penalties awarded, as provided by applicable law; and

188.  For such other and further relief as this Court deems just and proper.

Date:  December 29, 2020          Respectfully submitted,

                                 /s/    Carolyn H. Cottrell
                                 Carolyn H. Cottrell (SBN 166977)
                                 ccottrell@schneiderwallace.com
                                 Kyle G. Bates (SBN 299114)
                                 kbates@schneiderwallace.com
                                 SCHNEIDER WALLACE
                                 COTTRELL KONECKY LLP
                                 2000 Powell Street, Suite 1400
                                 Emeryville, California 94608
                                 Telephone: (415) 421-7100
                                 Facsimile: (415) 421-7105

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Gonzalez, et al. v. Government Employees Insurance Company Inc.*

Jason H. Kim (SBN 220279)
jkim@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
901 S. Flower Street, Apt. 401,
Los Angeles, California 90015[1]
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Paige T. Bennett (SBN 288009)
paige.bennett@dtlawyers.com
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026

Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Shavitz Law Group, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:  (561) 447-8888
Facsimile:  (561) 447-8831

Michael Palitz*
mpalitz@shavitzlaw.com
Shavitz Law Group, P.A.
800 Third Avenue, Suite 2800
New York, New York 10022
Telephone:  (800) 616-4000
Facsimile:  (561) 447-8831

 *Application for admission *pro hac vice*
forthcoming.

***Attorneys for Plaintiffs and the
Putative Collective and Class***

[1] Mr. Kim lives and practices law in this District at this address, and is designated as local counsel pursuant to L.R. 83-2.1.3.4.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demands a jury trial on all claims and issues for which Plaintiffs and the putative Collective and Class are entitled to a jury.

Respectfully submitted,

Date: December 29, 2020          /s/     Carolyn H. Cottrell
                                 Carolyn H. Cottrell
                                 SCHNEIDER WALLACE
                                 COTTRELL KONECKY LLP

                                 ***Attorneys for Plaintiffs and the
                                 Putative Collective and Class***