Julie A. Vogelzang (SBN 174411)
Julie@svclegal.com
Lisa Hird Chung (SBN 246766)
Lisa@svclegal.com
Carl J. Lehman (SBN 327321)
Carl@svclegal.com
**SCHOR VOGELZANG & CHUNG LLP**
2170 Fourth Avenue
San Diego, California 92101
Telephone: 619.906.2400
Facsimile: 619.906.2401

Attorneys for Defendant
GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SAUL GONZALEZ,

Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,

Defendant.

Case No. 2:20-cv-11722-RGK (KSx)

**DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS FROM COLLECTIVE AND CLASS ACTION COMPLAINT**

Date: August 9, 2021
Time: 9:00 a.m.

District Judge: R. Gary Klausner
Courtroom: 850, 8th Floor

Complaint Filed: December 29, 2020
Trial Date: March 15, 2022

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. SUMMARY OF RELEVANT FACTS ..... 1

III. LEGAL STANDARD ..... 2

IV. ARGUMENT ..... 3

A. Local Rule 23-3 and the Court's Standing Order Bar Plaintiff from Seeking Class Action Certification ..... 4

B. The Past Stay on Discovery Is Irrelevant. ..... 6

V. CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018)……………………………..……….…………4, 5, 7

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)…………………………………………..……...………3

*Elhendi v. Ncc Bus. Servs.*, No. 8:19-cv-00576-PSG (PJW), 2019 U.S. Dist. LEXIS 232414 (C.D. Cal. Sept. 20, 2019)..……………………………....................…....5, 7

*Fabricant v. Paymentclub Inc.*, No. 2:19-CV-02451-ODW (ASx), 2019 U.S. Dist. LEXIS 193316 (C.D. Cal. Nov. 6, 2019)..…………………………………………………....1, 5

*Fournier v. Creditors Interchange Receivable Mgmt., LLC*, No. CV 10-3220 PSG (Ex), 2011 U.S. Dist. LEXIS 32303 (C.D. Cal. Mar. 16, 2011)..…………………………………………………..…....6

*Montoya v. Creditors Interchange Receivable Mgmt.*, No. CV 10-3037 PSG (Ex), 2011 U.S. Dist. LEXIS 32283 (C.D. Cal. Mar. 16, 2011)…………………………………………………….……1

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)……………………………………….……..……3

*Kevari v. Scottrade, Inc.*, No. CV 18-819-JFW (GJSx), 2018 U.S. Dist. LEXIS 227343 (C.D. Cal. Aug. 31, 2018)…………………………………......……..……6

*Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955 (9th Cir. 2020)…………………………..……………...…4, 5, 7

*Davidson v. O'Reilly Auto Enters., LLC*, No. 5:17-cv-00603-RGK (AJW), U.S. Dist. LEXIS 213310 (C.D. Cal. Dec. 15, 2017)……..…………………………………………4, 5, 7

*Grandson v. Univ. of Minn.*, 272 F.3d 568 (8th Cir. 2001)…………………………………………………....3

*Pilgrim v. GM Co.*, No. CV 15-8047-JFW (Ex), 2020 U.S. Dist. LEXIS 194860 (C.D. Cal. Sept. 1, 2020)……………………………………………..……...4, 5, 7

*Tincher v. Hurley Int'l, LLC*, No. 2:19-cv-04104-R-JC, 2019 U.S. Dist. LEXIS 221969 (C.D. Cal. Sept. 16, 2019)…..…………..…...........................................................6

*Vawter v. UPS*, No. 2:18-CV-01318-RGK-E, 2018 U.S. Dist. LEXIS 227497 (C.D. Cal. July 25, 2018)……………………………………………………......…5

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009)…………………………………………….....…3

*Watson v. Schwarzenegger*, 347 Fed. App'x 282 (9th Cir. 2009)………………………………….…......…6

*Williams v. Warner Music Group Corp.*, 848 Fed. App'x 284 (9th Cir. 2021)…………………………………………………7

*Winebarger v. Pa. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070 (C.D. Cal. Aug. 21, 2019)………………………………7

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005)………………………………………………..…3

**RULES**

C.D. Cal. Local Civil Rule 23-3……………………………………………….….*passim*

Fed. R. Civ. Proc. 26(d)(1) ....…………………………………………..……..6, 7

Fed. R. Civ. Proc. 6(b)(1)(A)..…………………………………………….……...3

Fed. R. Civ. Proc. 6(b)(1)(B)..………………………………………….........…7

Fed. R. Civ. Proc. 23(c)(1)(A)…………………………………………...…....3

**STATUES**

15 U.S.C. § 77z-1 *et seq*.……...……………………………………………..…...…2

## I. INTRODUCTION

Plaintiff Saul Gonzalez ("Plaintiff") failed to comply with the order of this Court and with Local Rule 23-3 of this District to file any motion for class certification within 90 days after service of the complaint.[1] Plaintiff could have sought relief from this rule prior to the deadline, but he failed to do so. All class action allegations in the Complaint should be stricken.

## II. SUMMARY OF RELEVANT FACTS

Plaintiffs filed the Collective and Class Action Complaint ("Complaint") on December 29, 2020. (ECF No. 1.) This is an employment law matter; the allegations in the Complaint arise under the federal Fair Labor Standards Act and California wage and hour laws. (*See generally id.*) On January 15, 2021, Plaintiffs sent a copy of the Complaint and a request form to counsel for defendant Government Employees Insurance Company ("Defendant") to waive service of the Complaint, which Defendant signed and returned on February 1, 2021. (See ECF No. 18.) Plaintiffs filed Defendant's waiver with the Court on February 11, 2021. (*Id.*)

Ninety days after Defendant was served with the Complaint and waiver form was April 15, 2021. *See Fabricant v. Paymentclub Inc.*, No. 2:19-CV-02451-ODW (ASx), 2019 U.S. Dist. LEXIS 193316, at *4–5 (C.D. Cal. Nov. 6, 2019) (Wright, J.) (relying on service of complaint rather than date defendant agreed to waiver of service). Alternatively, if the 90-day deadline was triggered later when Plaintiffs filed Defendant's waiver of service, *see Montoya v. Creditors Interchange Receivable Mgmt., LLC*, No. CV 10-3037 PSG (Ex), 2011 U.S. Dist. LEXIS 32283, at *4 (C.D. Cal. Mar. 16, 2011) (Gutierrez, J.), then the ninetieth day fell on May 12, 2021. By either calculation, Plaintiff missed the 90-day limit to file for class certification.

[1] On April 30, 2021, the Court granted Defendant's Motion to Dismiss for lack of personal jurisdiction, rendering Saul Gonzalez the "sole remaining named Plaintiff." (ECF No. 50.) This motion therefore refers to Mr. Gonzalez as "Plaintiff." Herein, "Plaintiffs" means Mr. Gonzalez and the dismissed plaintiff, Alexander Rieske.

Through the present, Plaintiff has not filed such a motion, conferred with Defendant about an extension of time to file, or sought relief from the Court. (See accompany Declaration of Lisa Hird Chung ["Chung Decl."] ¶ 2.)

On June 17, 2021, counsel for the Parties met as required by Rule 26(f) of the Federal Rules of Civil Procedure. (Chung Decl. ¶ 3.) Defendant conferred with Plaintiff regarding the missed deadline and Defendant's intent to file this motion. (*Id.*) Plaintiff's counsel replied via email that day, stating in part, "It was my understanding that strict application of local rule 23-3 (the 90-day class certification rule) was no longer permitted in the Ninth Circuit. When you raised the issue, I was somewhat confused, since no one has sought to enforce it in years." (*Id.* ¶ 4, Exh. A at p.2.) Plaintiff's counsel acknowledged that "this 90-day requirement also appears in Judge Klausner's standing order" but took the position that "it is unenforceable." (*Id.*)

## III. LEGAL STANDARD

Local Civil Rule 23-3 of the U.S. District Court, Central District of California, pertains to class action certification ("Rule 23-3"). It reads in full: "At the earliest possible time after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 *et seq.*, <u>but no later than any deadline set by the assigned judge</u>, the proponent of the class must file a motion for certification that the action is maintainable as a class action." (Emphasis added.)

This Court set a deadline for class certification motions. The Standing Order Regarding Newly Assigned Cases dated February 12, 2021 (ECF No. 19) instructs the Parties to "READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE." Paragraph 7 of the Order states, "For any action purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, <u>the plaintiffs must file a Motion for Class Certification no later than 90 days from the date the complaint was served, unless showing of good cause is made</u>." (*Id.* at 5 [emphasis added].) The Order further states that each of the rules in the Order applies "UNLESS

OTHERWISE ORDERED BY THE COURT . . . ." (*Id.* at 2.)

"District courts have broad discretion to control the class certification process." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure gives district courts discretion to set deadlines for when parties must move for class certification. See Fed. R. Civ. P. 23(c)(1)(A). District courts may exercise their discretion by enforcing filing deadlines; they have "the power to establish reasonable times for the filing of documents" and to evaluate the legitimacy of an excuse for failing to file on time. *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (citation omitted). *Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 214 (3d Cir. 2009) (holding that the district court did not abuse its discretion "in denying a motion for a class action determination which was untimely under the local rule"). Under the Federal Rules of Civil Procedure, Rule 6(b)(1)(A), "the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." (Emphasis added).

## IV. ARGUMENT

Disregarding a district court's "decision to honor the terms of its binding scheduling order" can "undermine the court's ability to control its docket." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). This is particularly true "[i]n these days of heavy caseloads," when "trial courts in both federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. *Id.* "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders . . . ." *Id.*

/ /

/ /

### A. Local Rule 23-3 and the Court's Standing Order Bar Plaintiff from Seeking Class Action Certification

Rule 23-3, and the Court's order imposing a 90-day filing deadline for class certification motions, remain valid and enforceable. Plaintiff might attempt to rebut this reality by citing *ABS Entertainment, Inc. v. CBS Corp.*, a case involving a putative class action in district court. 908 F.3d 405, 411 (9th Cir. 2018). The parties in *ABS Entertainment* were subject to a local rule (the same one applicable here), which at that time set a 90-day deadline for filing a motion for class certification.[2] Before the deadline lapsed, the parties sought to extend the 90-day deadline to allow for pre-certification discovery. *Id.* This Court refused to do so on the ground that there was "no show of cause, let alone good cause," *id.*, without "address[ing] the asserted need for pre-certification discovery," *id.* at 426. The plaintiff timely moved for class certification, but the district court identified two technical defects, and then struck both the motion and the class allegations in the complaint as untimely filed. *Id.* at 426. On appeal, the Ninth Circuit held that the district court's application of the local rule's 90-day deadline was so inflexible as to be "incompatible with Federal Rule of Civil Procedure 23." *Id.* at 427 (citation omitted). The timely filed motion should not have been stricken due to "'trivial' omissions in the notice," so the appellate court reversed and remanded so the district court could consider the class certification motion on the merits. *Id.*

Critically, *ABS Entertainment* did not "purport to eliminate district courts' broad discretion in setting and enforcing deadlines," including the "local rule's 90-day deadline for moving for class certification." *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 966 (9th Cir. 2020) (affirming *Davidson v. O'Reilly Auto Enters., LLC*,

---

[2] Local Rule 23-3 was amended in December 2019. The rule used to require that any class certification motion be filed "[w]ithin 90 days after service of a pleading purporting to commence a class action." *See Pilgrim v. GM Co.*, No. CV 15-8047-JFW (Ex), 2020 U.S. Dist. LEXIS 194860, at *4, n.1 (C.D. Cal. Sept. 1, 2020).

No. 5:17-cv-00603-RGK (AJW), 2017 U.S. Dist. LEXIS 213310 (C.D. Cal. Dec. 15, 2017) (Klausner, J.) (citations omitted); *see also Pilgrim*, 2020 U.S. Dist. LEXIS 194860, at *9 (reiterating *ABS Entertainment* did not invalidate Rule 23-3). The court's discretion to strictly enforce Local Rule 23-3 was affirmed in *Davidson*. In that case, this Court denied the plaintiff's motion to postpone the class certification deadline but granted the plaintiff a chance to submit a supplemental brief with additional evidence up to one month after filing her class certification motion. *Id.* at 961. The Ninth Circuit concluded that this Court did not abuse its discretion by enforcing the 90-day deadline and denying the extension of time to file a class certification motion. *Id.* at 966.

In this matter, Plaintiff—unlike the parties in *ABS Entertainment*—did not file a stipulation or motion to extend the class certification deadline. The same events transpired in an analogous case, *Elhendi v. Ncc Bus. Servs.*, No. 8:19-cv-00576-PSG (PJW), 2019 U.S. Dist. LEXIS 232414, at *3–5 (C.D. Cal. Sept. 20, 2019). The plaintiff in *Elhendi* invoked *ABS Entertainment* as an excuse for missing the Rule 23-3 deadline. The district court rejected this tactic, stating:

> While *ABS Entertainment* compels courts to consider whether the parties remained mindful of the ninety-day deadline, for example through stipulations or motions to extend, the decision "did not hold that class action plaintiffs were free to ignore [Rule 23-3] with impunity.

*Id.* at *3; *cf. Fabricant*, 2019 U.S. Dist. LEXIS 193316, *4–5 (granting plaintiff's motion for relief from Rule 23-3 where plaintiff acted with diligence in filing motion over a month before the deadline).

Another case decided by this Court, *Vawter v. UPS*, No. 2:18-CV-01318-RGK-E, 2018 U.S. Dist. LEXIS 227497 (C.D. Cal. July 25, 2018) (Klausner, J.), demonstrates that a motion for relief from Rule 23-3 is necessary. In *Vawter*, the parties agreed that the Rule 23-3 deadline to file a motion for class certification was May 18, 2018. Before the deadline passed, Plaintiff filed two *ex parte* applications for relief from the Rule 23-

3 deadline. *Id.* at *4. This Court determined that good cause did not exist for relief from the local rule, and denied plaintiff's applications. *Id.* Plaintiff then failed to move for class certification by the deadline. His class claims were appropriately stricken. *Id.* at *5.

Here, the issue is not only that Plaintiff failed to file a class certification motion within 90 days, but also that Plaintiff failed to acknowledge the deadline at all. To the extent that Plaintiff was not aware of the 90-day deadline, the Ninth Circuit has clearly held that ignorance of Local Rule 23-3's requirements is not an excuse for failure to timely file a class certification motion. *Fournier v. Creditors Interchange Receivable Mgmt., LLC*, No. CV 10-3220 PSG (Ex), 2011 U.S. Dist. LEXIS 32303, at *5 (C.D. Cal. Mar. 16, 2011); *see Kevari v. Scottrade, Inc*., No. CV 18-819-JFW (GJSx), 2018 U.S. Dist. LEXIS 227343, at *32–33 (C.D. Cal. Aug. 31, 2018) ("Plaintiff failed to even attempt to meet the well-known Local Rule 23-3 deadline due to Plaintiff's own carelessness and neglect."); *Watson v. Schwarzenegger*, 347 Fed. App'x 282, 284–85 (9th Cir. 2009) (affirming denial of relief from Local Rule 23-3 because delay in filing class certification motion based on the plaintiff's unfamiliarity with the local rules did not constitute "excusable neglect"). To the extent Plaintiff was cognizant of the deadline and chose to ignore it—which the email from Plaintiff's counsel suggests is true (*see* Chung Decl. ¶ 4, Exh. A at p.2)—no relief is proper. *Tincher v. Hurley Int'l, LLC*, No. 2:19-cv-04104-R-JC, 2019 U.S. Dist. LEXIS 221969, at *5-6 (C.D. Cal. Sept. 16, 2019) (Klausner, J.) (denying relief where "Plaintiff has been aware of the deadline imposed by Rule 23-3"). The cutoff date is valid, and it should be enforced.

**B. The Past Stay on Discovery Is Irrelevant**

Plaintiff might argue that Rule 23-3 and the Standing Order should not apply because he did not have an opportunity to conduct discovery before the June 17, 2021 meeting of counsel, and thus could not have practicably filed a class certification motion. *See* Fed. Rule Civ. P. 26(d)(1). This argument has been rejected numerous times, and also misses the mark because Plaintiff did not remain mindful of the deadline:

> If Plaintiff believed that he needed discovery to seek class certification and Defendant refused to comply, he could have and should have sought relief from this Court before the ninety-days expired. Plaintiff cannot point to *ABS Entertainment* and simply ignore Rule 23-3, as it remains in the District's Local Rules.

*Elhendi*, 2019 U.S. Dist. LEXIS 232414, at *4 (striking class allegations).

Plaintiff did not move for relief or seek pre-certification discovery prior to the deadline. Plaintiff could have sought an extension or permission, in advance of the deadline, to conduct relevant discovery. *See* Fed. Rule Civ. P. 26(d)(1) (permitting discovery before the parties have conferred as required by Rule 26(f) when authorized by stipulation or by court order). Not only did he fail to do so, he is unable to show good cause for failing to act. *See Williams v. Warner Music Group Corp*., 848 Fed. App'x 284, 285 (9th Cir. 2021) (citing *Davidson*, 968 F.3d at p. 962–63) ("The district court did not abuse its discretion by declining to extend the pre-certification class discovery period because Plaintiffs did not file a motion to extend discovery."); *Pilgrim*, 2020 U.S. Dist. LEXIS 194860, at *9 (striking class claims where "plaintiffs neither filed a class certification motion nor requested an extension of time to do so prior to the expiration of the ninety day deadline"); Fed. R. Civ. P. 6(b)(1)(B) (requiring a showing of "excusable neglect" if a motion to extend time is made after the time to act has expired). To the extent Plaintiff felt that Rule 23-3 or the Court's Standing Order were unclear, Plaintiff never sought guidance from the Court. *See Pilgrim*, 2020 U.S. Dist. LEXIS 194860, at *9 (noting same in striking class claims).

Plaintiff decided to ignore and violate the Local Rule and the Court's order. He cannot now argue that he was not required to comply with Rule 23-3 or the Court's explicit instructions. See *Winebarger v. Pa. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1084–85 (C.D. Cal. Aug. 21, 2019) (striking class allegations where plaintiffs "made a tactical decision to simply ignore and violate" rules and orders).

/ /

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that all class action allegations in the Complaint be stricken.

Dated: July 9, 2021

**SCHOR VOGELZANG & CHUNG LLP**

By: */s/ Lisa Hird Chung*
Julie A. Vogelzang
Lisa Hird Chung
Carl J. Lehman
Attorneys for Defendant
GOVERNMENT EMPLOYEES INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

Dated: July 9, 2021

By: */s/ Lisa Hird Chung*
Lisa Hird Chung