1  Carolyn H. Cottrell (SBN 166977)
   ccottrell@schneiderwallace.com
2  David C. Leimbach (SBN 265409)
   dleimbach@schneiderwallace.com
3  Brett D. Watson (SBN 327669)
   bwatson@schneiderwallace.com
4  COTTRELL KONECKY, LLP
   2000 Powell Street, Suite 1400
5  Emeryville, California 94608
   Telephone: 415-421-7100
6  Facsimile: 415-421-7105

7  Attorneys for Plaintiffs

8  Spencer C. Skeen (SBN 182216)
   spencer.skeen@ogletree.com
9  Tim L. Johnson (SBN 265794)
   tim.johnson@ogletree.com
10 Jennifer P. Suberlak (SBN 292697)
   jennifer.suberlak@ogletree.com
11 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   4370 La Jolla Village Drive, Suite 990
12 San Diego, California 92122
   Telephone: 858-652-3100
13 Facsimile: 858-652-3101

14 Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL GONZALEZ, KEITH HOMESZYN, FABIOLA SILVA, TREVOR MONZELLO, GUIA CALVILLO, ETIENNE GIRAL, TIM LINDEEN, ROJINALD BORDON, CLINTON MATAYOSHI, JEREMY SILVERMAN, LEONARD TAFOYA, and CHRISTOPHER DOLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>Defendant. | Case No.: 2:20-cv-11722-RGK (KSx)<br><br>**JOINT STIPULATION AND MOTION TO DISMISS ENTIRE ACTION**<br><br>Complaint Filed: December 29, 2020<br>Trial Date: March 15, 2022 |

## I. INTRODUCTION

Plaintiffs Saul Gonzalez, Keith Homeszyn, Fabiola Silva, Trevor Monzello, Guia Calvillo, Etienne Giral, Tim Lindeen, Rojinald Bordon, Clinton Matayoshi, Jeremy Silverman, Leonard Tafoya, and Christopher Dolan ("Plaintiffs") and Government Employees Insurance Company ("GEICO") (Plaintiffs and GEICO are collectively the "Parties") have reached a fair and reasonable settlement to resolve this case in its entirety, which includes claims under the California Labor Code, Fair Labor Standards Act (FLSA), and California Business and Professions Code (UCL). Accordingly, they hereby stipulate and request that the Court dismiss the entire action with prejudice as it has been fully resolved by execution of the Parties' settlement agreement.[1]

Importantly, there are no class or collective claims at issue here. The Court previously dismissed all class action allegations (ECF No. 75) and subsequently granted Plaintiffs' motion to amend the complaint to remove all collective action claims (ECF No. 76).

The Parties are unaware of any binding Ninth Circuit authority requiring court supervision or approval of settlements concerning actions that include individual claims arising under the FLSA. Therefore, the court's supervision and settlement approval process routinely reserved for *certified* class or collective claims is not necessary here. Like any other individual claims, Plaintiffs are free to negotiate and settle their own claims without the need for court supervision.

> Because plaintiffs have decertified their collective action and reached settlement agreements on an individual basis, however, the Court need not review those agreements for fairness and reasonableness. It is true, of course, that under Fed. R. Civ. P. 23(e) the Court has a responsibility to review a proposed class action settlement to determine whether the

---

[1] Per the Court's previous order, the Parties are hereby relieved of further deadlines in this action. *See* ECF No. 102 ("The parties are hereby notified that they are not relieved of any deadlines (including the filing of responsive documents, scheduled mediation, etc.) or Court appearances *until a dismissal of the action is filed*.").

1
JOINT STIPULATION AND MOTION TO DISMISS ENTIRE ACTION

settlement is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003). But this responsibility, which protects the rights of class members whose interests "may not be given due regard by the negotiating parties," does not extend to the context of individual settlement agreements, where each plaintiff may be consulted individually so as to vindicate her particular interests. *Id.* at 959-60.

*Wilson v. Maxim Healthcare Servs., Inc.* (W.D.Wash. June 20, 2017, No. C14-789RSL) 2017 U.S.Dist.LEXIS 95048, at *3.

However, out of an abundance of caution, and to the extent the Court should still demand supervision of the settlement here, the Parties submit the following "approval motion" in support of their executed settlement and joint stipulation of dismissal of the entire action with prejudice.

## II. BACKGROUND

### A. Nature of the Action

Plaintiffs filed this action against GEICO alleging violations of the FLSA and California Labor Code. Specifically, the Complaint alleges claims for: (1) unpaid minimum and overtime wages; (2) meal and rest break violations; (3) waiting time penalties for unpaid wages; (4) itemized wage statements that do not accurately reflect actual hours worked and wages earned; and (5) unfair business practices in violation of California's unfair competition law.

### B. The Settlement

The Parties initially attended court-ordered mediation on December 1, 2021, before panel mediator Robert Coviello, Esq. *See* Declaration of Tim L. Johnson ("Johnson Decl.") ¶ 3. The case did not settle at mediation. *Id.* Subsequently, the Parties engaged in extensive informal settlement negotiations, which involved substantive offers and counteroffers between them. *Id.* Ultimately, the negotiations resulted in the settlement of the claims here for a gross settlement amount of $155,000. *Id. See also* Declaration of Brett D. Watson ("Watson Decl.") ¶ 3. The settlement

represents a reasonable compromise of highly contested and disputed claims. Johnson Decl. ¶ 3. Plaintiffs will each receive a share of the gross settlement amount based on the number of workweeks they worked during the applicable statutory period. *Id. See also* Watson Decl. ¶¶ 4-5. The Parties separately negotiated an amount representing all alleged attorneys' fees and costs incurred in connection with the lawsuit, which has been included in the gross settlement amount. Johnson Decl. ¶ 3; Watson Decl. ¶ 6. The settlement resulted from informed, non-collusive, arms-length negotiations. Johnson Decl. ¶ 3.

### III.  THE COURT SHOULD APPROVE THE SETTLEMENT OF THE FLSA CLAIMS

In general, litigants must seek "approval of either the Secretary of Labor or a district court" to settle FLSA collective actions. *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015). However, the Ninth Circuit has not explicitly stated the standard for determining whether or how to approve a settlement of FLSA claims, brought individually, as here, or on a collective basis. *See Connell v. Heartland Express* (C.D.Cal. June 10, 2021, No. 2:19-cv-09584-RGK-JC) 2021 U.S.Dist.LEXIS 185487, at *5. Some courts in this Circuit have applied a two-step inquiry developed by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). *See Roberts v. City of Chula Vista*, No. 16CV1955-MMA (DHB), 2017 WL 6541105, at *2 (S.D. Cal. Dec. 21, 2017) (collecting cases).

Following that approach, a court will first "determine whether a *bona fide* dispute of the FLSA claim exists." *Roberts*, 2017 WL 6541105, at *2. "A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability." *Id.* (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

Next, the court will evaluate whether the FLSA settlement is "fair and reasonable." *Id.* In making this determination, courts consider several factors: "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and the amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4)

the scope of any release provision in the settlement agreement; (5) the experience and views of counsel; and (6) the possibility of fraud or collusion." *Id.* The Court "must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Roberts*, 2017 WL 6541105, at *2.

If the Court chooses to apply the Eleventh Circuit approach to the individual FLSA claims at issue here, the settlement satisfies the requisite criteria. First, the Parties' FLSA settlement represents a resolution of a *bona fide* dispute. The claim that GEICO failed to provide compensation (including overtime compensation) for all hours worked is premised on alleged work performed off the clock. Johnson Decl. ¶ 4. GEICO disputes that Plaintiffs, in fact, worked any hours in excess of what they recorded. *Id.* It has policies prohibiting off-the-clock work. *Id.* However, even if Plaintiffs established they performed work off the clock, they still would have to establish GEICO had knowledge of the off-the-clock work, which GEICO vehemently denies. *Id.*; *see Butler v. HomeServices Lending LLC*, No. 11-CV-2313-L MDD, 2014 WL 2434594, at *2 (S.D. Cal. May 29, 2014) ("In order to recover for uncompensated overtime work under the FLSA, the plaintiff must further prove that the employer had knowledge, either actual or constructive, of the plaintiff's overtime work").

On the other hand, Plaintiffs believe they have posited in deposition testimony and through written discovery that GEICO required them to attain productivity quotients that were unattainable during scheduled hours, necessitating work before and after shifts and during "off duty" meal and rest periods. Watson Decl. ¶ 7. Plaintiffs claim GEICO knew or should have known of this work because Plaintiffs were using company phones and computers to perform the work. *Id.* In addition, they contend GEICO supervisors and managers expressly required Plaintiffs to answer phone calls from customers/members at all times, including during "off duty" meal and rest periods. *Id.*

Accordingly, there is a *bona fide* dispute regarding the wages owed to Plaintiffs during their employment.

The fairness factors also favor approval of the settlement. Given that the FLSA claims are based on off-the-clock work and work performed during "off duty" meal and rest periods, the range of potential recovery is highly variable and largely hinges on credibility determinations. The Parties also settled after engaging in extensive fact discovery, including written discovery and depositions, and after GEICO filed a Motion for Summary Judgment. Johnson Decl. ¶ 5. Moreover, the Parties face massive risks and foreseeable costs with trial fast approaching and pretrial materials due imminently. *Id.*

The scope of the release is also sufficiently tailored and limited to the claims alleged or that could have been alleged based on the operative complaint. Johnson Decl. ¶ 6. Further, the Parties' respective counsel are experienced in FLSA wage and hour litigation and agree the settlement is fair and reasonable. *Id.* They reached settlement through arms-length negotiations. *Id.*

At bottom, the relevant factors support a finding that the FLSA settlement is the result of a *bona fide* dispute. It also represents a fair and reasonable settlement of highly disputed claims. The Court should approve it.

## IV. CONCLUSION

For the foregoing reasons, the Parties request that the Court approve the settlement and enter an order as follows:

1. The FLSA settlement is approved;
2. The FLSA claims are dismissed in their entirety with prejudice; and
3. All remaining claims are dismissed in their entirety with prejudice.

DATED: January 24, 2022　　　　COTTRELL KONECKY, LLP

By: _____
Carolyn H. Cottrell
David C. Leimbach
Brett D. Watson
Attorneys for Plaintiffs

DATED: January 24, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Spencer C. Skeen*
Spencer C. Skeen
Tim L. Johnson
Jennifer P. Suberlak
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on January 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 24, 2022.

By: */s/ Brett D. Watson*
Brett D. Watson

1
CERTIFICATE OF SERVICE